## KASHMIR CORPORATION, *Appellant,*
## *v.*
## BARNES, *Respondent.*
### (No. 90699, SC 24437)
564 P2d 693

J. P. Harris, II, Salem, argued the cause and filed a brief for appellant.

Ralph C. Spooner, Salem, argued the cause for respondent. With him on the brief was Bruce W. Williams, P.C., Salem.

PER CURIAM.

## PER CURIAM.

The plaintiff corporation filed this action against defendant, a surveyor, for damages for negligence in performing a survey. As an affirmative defense, the defendant alleged that plaintiff's cause was barred by the two-year statute of limitations contained in ORS 12.135.[1] By agreement of the parties, the question of whether plaintiff's cause was barred by ORS 12.135 was submitted to the trial court as a preliminary matter. The court found that plaintiff learned of the error in February, 1973, and that since plaintiff's complaint was not filed until June, 1975, the cause of action was barred. Plaintiff appeals, and we affirm.

The record in this case is somewhat meager, but it discloses the following facts.

At the time in question, plaintiff corporation was engaged in developing subdivisions near Salem. Plaintiff and others acquired three large parcels of land running in a north-south direction, with Lot No. 39 on the north, Lot No. 40 in the middle, and Lot No. 41 on the south. The first property developed was Lot No. 41, which had been surveyed by defendant in 1965. The next parcel developed was Lot No. 40. It appears from the findings of the trial court and from the briefs that Lot No. 40 was acquired by plaintiff no later than May, 1973. A survey of Lot No. 40 had been made by an agent for plaintiff in February, 1973. That survey showed that Lot No. 40 was only 320 feet in depth, although an older survey indicated that Lot Nos. 39, 40, and 41 were each 330 feet in depth. At trial, plaintiff conceded that it learned of the discrepancy in February, 1973, and the trial court found that this was the date at which plaintiff discovered the injury. At

---

[1] ORS 12.135 provides, in pertinent part:

"(1) An action to recover damages for injuries to a person or to property arising from another person having performed * * * the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property * * *."

that time plaintiff made some attempts to determine the source of this discrepancy, but it was not until June, 1974, when plaintiff purchased and surveyed some other adjacent property for development, that plaintiff first learned that defendant's 1965 survey was the source of the error and that the base line of Lot No. 41 "had been displaced 10 feet northward, in effect removing 10 feet from the boundary of neighboring lot 40."

There are no previous decisions interpreting ORS 12.135. The parties have proceeded on the theory that the statute of limitations commenced when plaintiff's cause of action "accrued." ORS 12.010. Defendant argues that the cause accrued in February, 1973, because that was the time at which plaintiff discovered its alleged injury. Plaintiff contends that the February, 1973, date is not controlling because it did not know at that time who was responsible for the error, and it did not consider it prudent to spend an extra $1,000 to conduct an independent survey of the surrounding properties in order to determine the source of the discrepancy. Plaintiff asserts that the statute should not be deemed to commence until June, 1974, when it discovered who was actually responsible for the survey error.

Since plaintiff had full knowledge of the 10-foot shortage in Lot No. 40 before completion of the purchase of that lot in May, 1973, it is difficult for us to perceive the underlying basis for plaintiff's damage claim. In any event, however, the statute clearly states that any action must be commenced within two years of the date of injury. Assuming that plaintiff bargained and paid for 330 feet and received only 320 feet, the injury occurred no later than May, 1973, when plaintiff purchased the property. The fact that plaintiff did not then consider it prudent to spend an additional $1,000 to find the source of the shortage is a strategic decision and does not affect the running of the statute of limitations. Had plaintiff felt that it was sufficiently important to do so, we have no doubt that

it could have arranged for a survey of the surrounding properties and found the source of the shortage well within the statutory period. Therefore, since this action was not commenced until June, 1975, plaintiff's cause of action was barred by ORS 12.135.

Affirmed.